E-FILED
Tuesday, 18 August, 2026 01:15:11 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MONICA LYNN BARRY,<br>Plaintiff,<br>-vs-<br><br>CENTRAL MANAGEMENT SERVICES, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 23-cv-3322 |

# OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Monica Barry filed a pro se complaint asserting claims under the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* Defendants Illinois Department of Central Management Services and Illinois Department of Human Services moved to dismiss the complaint under Rule 12(b)(6). (Doc. 16). For the reasons that follow, Defendants' motion is granted.

## I. FACTUAL ALLEGATIONS

Plaintiff is an individual who alleges she suffered harm under the ADA by being "denied access/public accommodation" when she was informed that she was "not eligible for the SD program," or Successful Disabilities Opportunities Program (Doc. 1). Plaintiff also claims the Senior Vocational Counselor for the Illinois Department of Human Services failed to advocate on her behalf by telling Plaintiff she was ineligible for the SD program. (Doc. 1 at ¶ 14). Plaintiff further states "CMS has obstructed my eligibility rights, as a person with a recognized disability, to access or enter the Successful Disability Opportunities Program." (*Id.* at ¶ 13). Plaintiff alleges her "quality of life" is

being "negatively impacted" because she is not being afforded "the same opportunities and privileges as other disabled applicants for the SD program." (*Id.*).

## II. DISCUSSION

Defendants contend Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff has not acquired a right to sue letter from the EEOC as required for a Title I ADA claim; (2) Plaintiff has failed to state a specific injury and therefore failed to give proper notice to the defense; and (3) Plaintiff has split her claims through filing this action in federal court while pursuing the same relief in state court. (Doc. 16).

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim challenges the sufficiency of the complaint. *Christensen v. City of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). The complaint must set forth facts that plausibly demonstrate a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *Ashcraft v. Iqbal*, 566 U.S. 662, 678 (2009). Supporting claims with conclusory statements is insufficient to state a claim. *Id.*

### B. Plaintiff's Disability

The ADA prohibits discrimination against a "qualified individual on the basis of a disability." 42 U.S.C. 12112(a). Defendants claim that Plaintiff was denied access due to

her history as a previous state employee, not because of a disability. Plaintiff's Complaint does not identify an actual disability. While there are references to potential disabilities throughout the 433 pages of attached exhibits, Plaintiff's Complaint does not specify a disability. "[A] plaintiff alleging discrimination on the basis of an actual disability . . . must allege a specific disability." *Tate v. SCR Medical Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). A defendant must be provided "fair notice" of a plaintiff's disability in a disability discrimination suit. *Id.* at 346. Because Plaintiff has not provided Defendants fair notice of her claim, Plaintiff's complaint will be dismissed without prejudice.

**C. Right-to-Sue Letter and Nature of Claims**

While it is not entirely clear from Plaintiff's complaint and response to the motion to dismiss whether Plaintiff is alleging discrimination for not receiving employment or discrimination in not receiving benefits, it appears she is pursuing both Title I and Title II claims. If the complaint alleges employment discrimination, it is a Title I complaint as "Title II is clearly inapplicable to employment discrimination because Title I specifically, comprehensively, and exclusively addresses disability discrimination in employment." *Brumfield v. City of Chicago*, 735 F.3d 619, 628 (7th Cir. 2013).

Title I of the ADA "makes it unlawful for a covered employer to "discriminate against a qualified individual on the basis of disability in regard to . . . compensation," among other things. *Stanley v. City of Sanford, Florida*, 606 U.S. 46, 51 (2025). "A plaintiff bringing an action under Title I of the ADA must first file an EEOC charge and receive a right-to-sue letter." *Straw v. Indiana Supreme Court*, 2015 WL 9455588, at *5 (S.D. Ind. Dec. 23, 2015). While the Seventh Circuit has not directly addressed whether Title II has an

exhaustion requirement, it has observed that some district courts have concluded it does not. *Staats v. County of Sawyer*, 220 F.3d 511, 518 (7th Cir. 2000) (citing *Peterson v. Univ. of Wisconsin Bd. of Regents*, 818 F. Supp. 1276, 1280 (W.D. Wis. 1993)); *see also Doe v. County of Milwaukee*, 871 F. Supp. 1072, 1075-76 (E.D. Wis. 1995).

In her second response to Defendants' motion, Plaintiff alleges that while Title I claims usually require a notice to sue, "courts routinely stay ADA Title I cases pending EEOC action." (Doc. 21 at 1). The Seventh Circuit has stated that a litigant can ask the district court to stay the case pending exhaustion of remedies in employment discrimination cases. *Czarniecki v. City of Chicago*, 633 F.3d 545, 551 (7th Cir. 2011). While Plaintiff invokes equitable tolling in her response, the court concludes it is premature to address equitable tolling until and unless she obtains a right-to-sue letter as to any Title I claims and files an amended complaint.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's claim appears to relate to Defendant's denial of her request to participate in a disability program, but, once again, she fails to identify her disability or provide Defendants with sufficient notice. While Plaintiff claims she clarified her disability in her April 2026 filing with the Illinois Appellate Court, it does not provide notice in this case. Finally, Plaintiff alleges she is not required to provide detailed medical evidence at the pleading stage. While that is true, Plaintiff must at least

identify the disability to provide sufficient notice to Defendants. *See Tate*, 809 F.3d at 345. Without any specific disability alleged, Plaintiff's complaint is deficient.

**D. Split Claims**

Defendants contend the complaint should also be dismissed due to claim splitting. The State of Illinois "permits only one suit concerning any single set of events, no matter how a plaintiff chooses to allocate legal theories or remedial requests." *Svendsen v. Pritzker*, 91 F.4th 876, 879 (7th Cir. 2024) ( citing *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 311-13 (Ill. 1998)). Because Plaintiff's complaint is being dismissed without prejudice, the Court need not at this time address whether the complaint should be dismissed for claim splitting.

## III. CONCLUSION

Plaintiff's complaint is deficient because she has not identified a disability and, to the extent she is asserting an ADA Title I claim, she has failed to exhaust her administrative remedies. Therefore, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 16) is GRANTED. In deference to Plaintiff's status as a pro se litigant, the dismissal is without prejudice. Plaintiff may file an Amended Complaint within 30 days of the entry of this Order. The failure to do so will result in the case being Dismissed with Prejudice.

ENTER: August 18, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE